UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE ALLEN, JR. and <br> LONZETTA TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF ST. LOUIS, <br> MISSOURI, et al., <br><br> Defendants. | Case No. 4:14 CV 1398 RWS |

# **MEMORANDUM AND ORDER**

Plaintiff George Allen, Jr. was convicted of murder and sentenced to a lengthy term of incarceration. Almost thirty years later his convictions were overturned and he was released from prison. Allen filed this lawsuit alleging his conviction was the result of police misconduct in the investigation and prosecution of his criminal case. The City of St. Louis, the St. Louis City Board of Police Commissioners, and present and former officers and employees of the St. Louis Metropolitan Police Department are named as defendants in this lawsuit. Defendants have filed several motions to dismiss. Plaintiffs have filed a motion to appoint defendants ad litem for three individual Defendants who are deceased. I will grant in part and deny in part Defendants' motions to dismiss. I will also deny Plaintiffs' motion to appoint defendants ad litem.

*Background*

Plaintiff George Allen, Jr. was convicted of capital murder, rape, sodomy, and first degree burglary on July 23, 1983 in the Circuit Court of St. Louis City. Allen was sentenced to ninety-five years of imprisonment. Allen pursued habeas relief based on subsequent DNA testing and newly discovered evidence in the case. Allen was granted habeas relief. He was released from custody and his conviction was vacated on November 14, 2012 by the Cole County Circuit Court.

Allen and his mother, Plaintiff Lonzetta Taylor, filed the current lawsuit against the City of St. Louis, Missouri (the City), the individual Board members of the St. Louis City Board of Police Commissioners (the Board), Chief Sam Dotson of the St. Louis Metropolitan Department, and other individual St. Louis Metropolitan Police Department (SLMPD) employees. Plaintiffs allege that Defendants violated Plaintiffs' rights under the United States Constitution and committed state law torts regarding the criminal investigation, subsequent conviction, and ongoing incarceration of Allen.

Plaintiffs' claims against the City, the Board, and Dotson are based on the actions of the individual SLMPD employee defendants. Plaintiffs claim that the City and the Board were responsible for supervising and training the employees of, and overseeing the operations and establishing the policy of the SLMPD.

Defendant City has moved to dismiss the claims against it on several grounds including that it had no control over the SLMPD during the relevant timeframe in this matter and that it has sovereign immunity from Plaintiffs' state law tort claims.

The remaining Defendants filed a separate motion to dismiss. Defendants Samuel Dotson, Joseph Crow, Terry James, Mark Burford, William Wilson, and Thomas Rowane move to dismiss the claims against them in their official capacities. Defendants Richard Gray, Bette Battle-Turner, Thomas Irwin, Erwin Switzer, and Francis Slay (the Board) move to dismiss the claims in Counts I, II, V, VII, and VIII for a failure to state a claim and Counts X through XVI base on sovereign immunity.

Three of the individual SLMPD Defendants are deceased. Plaintiffs have moved to have defendants ad litem appointed in their place. Defendants oppose this motion.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

*Claims against Defendant City of St. Louis*

Plaintiffs allege that the City and the Board are liable for Plaintiffs' claims. The City had no authority or control over the operations of the SLMPD during the relevant time period that gives rise to Plaintiffs' claim, between 1982 and 2012. During that period of time the St. Louis City Board of Police Commissioners controlled the SLMPD. Section 84.010 R.S.Mo. barred the City of St. Louis from interfering "with the powers or the exercise of the powers" of the Board. Plaintiffs assert, without any supporting facts, that the City had authority and control over the SLMPD between 1982 and 2012 and allowed police officers to commit the types of civil rights violation asserted in this case. This allegation is conclusory and does not support Plaintiffs' claims against the City.

However, § 84.010 R.S.Mo. was repealed in 2012 and replaced by § 84.344 R.S.Mo. Section 84.344 directs the City of St. Louis to adopt an ordinance "accepting responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the board of

4

police commissioners…" The City adopted such an ordinance, which went into effect on September 1, 2013. Despite the passage of that ordinance, the Board continues to exist. Section 84.345 R.S.Mo. requires the Board to conclude its affairs and to wind down its control of the SLMPD until the transfer of ownership and obligations to the City has been completed. Based on the recent changes in the control of the SLMPD, it is unclear at this point which entity is the proper defendant is in this matter between the City and the Board. Section 84.344 requires the City to assume the Board's obligations. As a result, I will deny the City's motion to dismiss because at this stage of the case the City may be a proper defendant.

The City also asserts that it has sovereign immunity for Plaintiffs' state law tort claims. "Under the doctrine of sovereign immunity, public entities are immune from suit for their negligent acts unless the General Assembly has expressly waived such immunity." Kraus v. Hy-Vee, Inc., 147 S.W.3d 907, 914 (Mo. Ct. App. 2004) (citing § 537.600.1 R.S.Mo.). "A municipality has sovereign immunity from actions at common law tort in all but four cases: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a

5

governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610)." Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009).

In their complaint, Plaintiffs do not expressly allege that the City has procured insurance which would waive its sovereign immunity for state law claims. However, the complaint does request the appointment of defendants ad litem for three of the individual SLMPD Defendants who are deceased. A requirement for such an appointment is that insurance exists which would cover the claims against these Defendants. I address Plaintiffs' motion to appoint defendants ad litem below. Because I conclude at present that there is not any insurance coverage for the claims against these deceased Defendants, I will grant the City's motion to dismiss the state law claims against it based on the City's sovereign immunity.

***Claims against the Board and individual SLMPD Defendants***

The Board and individual SLMPD Defendants have also filed a motion to dismiss.

Defendants Richard Gray, Bette Battle-Turner, Thomas Irwin, Erwin Switzer, and Francis Slay (the Board) move to dismiss the claims in Counts I, II, V, VII, and VIII for a failure to state a claim on the grounds that 42 U.S.C. § 1983 does not

impose respondeat superior liability. A governmental body is not vicariously liable under § 1983 for their employees' actions. See Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury.") Plaintiffs respond that Counts I, II, V, VII, and VII are not directed at the Board, they are directed solely at the individual SLMPD employee defendants.

The Board also seeks to dismiss Plaintiffs' state law claims in Counts X through XVI based on sovereign immunity. As a public entity, the Board, like the City, is immune from Plaintiffs' state law claims and state law official capacity claims subject to the exception noted above. See § 537.600 R.S.Mo. and Hafer v. Melo, 502 U.S. 21, 25 (1991)(a suit against a government official in his official capacity is deemed to be a suit against the employing governmental agency). Plaintiffs assert that the Board may be liable for state law claims under the insurance exception to sovereign immunity. As with Plaintiffs' claims against the City, the complaint does not identify the insurance which would support an exception to the Board's sovereign immunity. Instead, Plaintiffs' assert that their motion to substitute three individual SLMPD Defendants with defendants ad litem supports the insurance exception. I find that the Board, like the City, is entitled to sovereign immunity for Plaintiffs' state law claims because I will deny the motion to appoint

7

defendants ad litem as discussed below.

Defendants Joseph Crow, Terry James, Mark Burford, William Wilson, and Thomas Rowane move to dismiss Plaintiffs' § 1983 claims against them in their official capacities. Plaintiffs respond that their § 1983 claims against these Defendants were only intended to be personal capacity claims and Plaintiffs do not oppose the dismissal of the claims against these Defendants in their official capacity. Likewise, Plaintiffs agree to the dismissal of their state law claims against these Defendants in their official capacities.

Defendant Sam Dotson, sued only in his official capacity, moves to dismiss any claims against him. Plaintiffs oppose a dismissal of the claims against Dotson. Rather than litigate the merits at this stage of the proceedings, Defendants have withdrawn their motion regarding the claims against Dotson at this time.

### *Motion to substitute parties and appoint defendants ad litem*

Three of the individual SLMPD Defendants, Herbert Riley, Gerald Hart, and Aloy Lagates, are deceased. Plaintiffs seek to have defendants ad litem appointed in their place under § 537.021.1(2) R.S.Mo. That section allows the appointment of a defendant ad litem if the deceased wrongdoer was insured against liability. In support of the motion, Plaintiffs argue that Missouri's State Legal Expense Fund qualifies as applicable insurance for the purposes of § 537.021.1(2) R.S.Mo.

United States Magistrate Judge Thomas C. Mummert, III of this Court has addressed this issue and found that the Fund does not qualify as insurance to satisfy the requirements of § 537.021.1(2) R.S.Mo. See Burton v. St. Louis Board of Police Commissioners, 2011 WL 620832 at 3 (E.D. Mo. Feb. 11, 2011). I agree with Judge Mummert's conclusion that The Fund is not insurance. As a result, I will deny Plaintiffs' motion to appoint defendants ad litem.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant City of St. Louis' motion to dismiss Plaintiffs' federal claim [#15] is **DENIED** and its motion to dismiss Plaintiffs' state law claims, Counts X through XVI, [#15] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants Richard Gray, Bette Battle-Turner, Thomas Irwin, Erwin Switzer, and Francis Slay (the Board)'s motion to dismiss Plaintiffs' state law claims, Counts X through XVI, [#23 ] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants Joseph Crow, Terry James, Mark Burford, William Wilson, and Thomas Rowane' motion to dismiss Plaintiffs' claims against them in their official capacities [#23] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Sam Dotson's motion to dismiss Plaintiffs' claims [#23] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiffs' motion for the appointment of defendants ad litem and to substitute parties [#22] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2015.