Exhibit A-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE ALLEN JR., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LONZETTA TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:14-cv-01398 RWS |
| v. | ) | |
| | ) | |
| THE CITY OF ST. LOUIS, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**
**DIRECTED TO DEFENDANT TERRY JAMES (POLICE OFFICER)**

Plaintiffs George Allen Jr. and Lonzetta Taylor ("Plaintiffs") submit this First Set of

Requests  for Production of Documents Directed to Defendant Terry James (Police Officer)

("James").  Pursuant to FRCP 34, Plaintiffs request that the documents be produced to Plaintiffs'

attorneys within 30 days of service.

**DEFINITIONS**

A.    "Document" or "documents" means anything responsive within the meaning of

Rule 34 of the Federal Rules of Civil Procedure, including but not limited to, any electronically

stored documents and/or data and electronic communications (such as e-mail) stored in computers

or otherwise, whether or not ever printed or displayed.  A copy or a duplicate of a document that

has any nonconforming notes, marginal annotations, or other markings, any preliminary version,

draft, or revision of the forgoing and any electronic variations of the foregoing shall be considered a

separate document within the meaning of this term.

B.     "City of St. Louis" refers to that political subdivision of the State of Missouri and any office, agency, or other component of the City of St. Louis, including, but not limited to the St. Louis Circuit Attorney's Office, the Metropolitan Police Department of St. Louis, and the Office of St. Louis Sheriff.

C.     "St. Louis Board" refers to the St. Louis City Board of Police Commissioners and that political subdivision of the State of Missouri and any office, agent, agency, or other component of the St. Louis Board.

D.     "St. Louis Metropolitan Police Department" or "SLMPD" refers to that entity and any office, agent, agency, or other component of the St. Louis Metropolitan Police Department.

E.     "St. Louis Metropolitan Police Department Crime Laboratory" or "SLMPD Crime Lab" refers to that entity, and any predecessor entity, charged with substantially similar tasks of testing, examining, analyzing, gathering, or identifying forensic evidence from crimes and any office, agent, agency, or other component of the St. Louis Metropolitan Police Department Crime Laboratory.

F.     "State Legal Expense Fund" refers to that entity and any office, agent, agency, or other component of the State Legal Expense Fund, including but not limited to any person charged with administering any aspect of the State Legal Expense Fund.

G.     "Named Defendants" refers to all defendants named in Plaintiffs' Complaint, as well as the St. Louis Metropolitan Police Department, the St. Louis Board, and the State Legal Expense Fund.

H.     "Related or relating to" means pertaining to, concerning, regarding, reflecting, discussing, referring to, mentioning, comprising or directly or indirectly related to.

I.       "Ownership, right, title or interest" includes any full or partial ownership interest or ownership interest held jointly or in common and any interest as a trustee or beneficiary of a revocable or irrevocable trust or other instrument.

J.       The "basis for your response" encompasses any documents that support your response to an interrogatory.  When asked to provide the basis for your response, please include details about any documents relating to the subject of the interrogatory.

K.       "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).  The term "oral communication" means a telephone communication, voicemail communication, face-to-face communication, video conference communication or other similar mode of communication.

L.       "Identify" when used with reference to Communications (including an oral communication) means to give, to the extent known: (i) the date of the communication; (ii) the identity of each person who participated in or was present during the communication; (iii) the location of the communication (if the communication was by telephone, state the location of each party to the communication); (iv) the substance of what was said by each participant in the communication; and (v) if you have any document mentioned or concerning the oral communication, identify each such document in the manner set forth in these definitions.

M.       "Identify," when used with reference to Persons, means the full name; present or last known business address; present or last known home address; and his or her employer(s) and job title(s) with respect to the period of time covered by these Interrogatories.

N.       "Identify," when used with reference to Documents, means the title (if any) of the document; a description of the document and its contents; the date the document bears, or if undated, the date it was written or prepared; the name, address and position of each person who prepared the document or contributed to its preparation in any way; each person to whom the

document was sent and each person the document identifies as a recipient of a copy of same; and the present location and custodian of the document, if known, or if unknown, its last location or custodian. If any document is no longer in existence, or not available to you, please provide an explanation of its disposition, the date of same and the reasons for same.

O.    "Meeting" means scheduled or unscheduled face-to-face meetings, discussions, video conferences and teleconferences.

P.    "Person" means any natural person, corporation, partnership, association, trust, trustee, joint venture, sole proprietorship, firm or business enterprise and any other business or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof.

## SPECIAL INSTRUCTIONS

A.    If you contend that you are entitled to withhold documents from production in response to this Request for Production, the identity of any document, or any other information requested herein, on the basis of the attorney work product privilege, attorney-client communication privilege, or any other ground, with respect to such documents or information, please:

(1)    describe the type of the document or communication;

(2)    state the date of the document or communication;

(3)    identify the person or persons who sent the document and who received, or was supposed to receive the original document, or participated in the communication in any way;

(4)    state the general subject matter of the document or communication insofar as the defendants are able without revealing the privileged information, i.e. "document concerning negotiation of contract term"; and

(5)    specifically state the basis upon which you contend you are entitled to withhold the document or information from production.

B.　　Pursuant to the Federal Rules of Civil Procedure, you are requested to amend or supplement your responses to this set of document requests, and produce documents that come into your possession after your response to this request, as well as documents which you find or discover after your response.

C.　　The following document requests are deemed continuing so as to require you to serve timely supplemental responses if you obtain further information requested by this document request between the time the answers are served and the time of trial.

## SPECIFIC REQUESTS

1.　　True and complete copies of all liability insurance policies in effect at any time during the period January 1, 1982 to the present time, insuring defendant City of St. Louis or any of its officers, agents, or employees against liability arising out of any tortious, or alleged tortious, conduct, activity, or omission, including but not limited to any coverage or obligation to reimburse from the State Legal Expense Fund.

2.　　True and complete copies of all liability insurance policies in effect at any time during the period January 1, 1982 to the present time, insuring defendant St. Louis Board or any of its officers, agents, or employees against liability arising out of any tortious, or alleged tortious ,conduct, activity, or omission, including but not limited to any coverage or obligation to reimburse from the State Legal Expense Fund.

3.　　True and complete copies of all liability insurance policies in effect at any time during the period January 1, 1982 to the present time, insuring the St. Louis Metropolitan Police Department or any of its officers, agents, or employees against liability arising out of any tortious, or alleged tortious, conduct, activity, or omission, including but not limited to any coverage or obligation to reimburse from the State Legal Expense Fund.

4.      True and complete copies of all liability insurance policies in effect at any time during the period January 1, 1982 to the present time, insuring Joseph Crow, Terry James, Mark Burford, Herbert Riley, Gerald Hart, William J. Wilson, Thomas P. Rowane, or Aloy LaGates against liability arising out of any tortious, or alleged tortious, conduct, activity, or omission, including but not limited to any coverage or obligation to reimburse from the State Legal Expense Fund.

5.      All documents and communications relating to the State Legal Expense Fund's potential coverage of, or reimbursement to, any entity (including but not limited to all Named Defendants) for liability or claims associated with the torts alleged by Plaintiffs.

6.      All documents relating to the State Legal Expense Fund's coverage of, or reimbursement for, claims against the St. Louis Metropolitan Police Department, the St. Louis Board, or any Named Defendant from January 1, 2005 to the present.

7.      All documents relating to the State Legal Expense Fund's coverage or reimbursement for claims against any Named Defendant from January 1, 2005, to the present.

8.      All communications, to or from any of the Named Defendants, that relate to the State Legal Expense Fund's coverage or reimbursement for claims against any Named Defendant from January 1, 2005, to the present.

9.      All documents relating to or reflecting the existence of any assets of Terry James, including but not limited to:

      a.      All documents reflecting or relating to any real property in or to which he has any right, ownership, title or interest, including, but not limited to, deeds, leases and real estate tax bills and receipts.

b.      All documents relating to or reflecting any ownership, right, title or interest he has in any stocks, bonds, debentures, notes or other securities of any corporation, government body or other entity.

c.      All documents reflecting or relating to any investment or financial interest of any kind that he has in any corporation, partnership, limited liability company, sole proprietorship, joint venture, trust or other business organization or entity of any kind.

d.      His complete individual federal income tax returns with all schedules, including any joint returns, for the tax years from January 1, 2010 to the present (to be supplemented with the 2015 return when it is filed).

e.      Complete federal income tax returns, with all schedules, of any business entity owned or controlled by him or from which he has derived income, for the tax years from January 1, 2005 to the present (to be supplemented with the 2015 return when it is filed).

f.      Complete federal income tax returns with all schedules of any revocable or other trust of which he is a trustee or a beneficiary, for the tax years from January 1, 2010 to the present (to be supplemented with the 2015 return when it is filed).

g.      All documents relating to, or reflecting, any income that he has received from any corporation, partnership, limited liability company, sole proprietorship, joint venture, or other business organization or entity of any kind or from any revocable or other trust, at any time during from January 1, 2010 to the present.

h.      All documents dated, or generated at any time, from January 1, 2010 to the present relating to or reflecting financial statements, operating statements, and annual balance sheets or similar financial reports of any corporation, partnership, limited liability company, sole proprietorship, joint venture, or other business organization or entity of any kind in which he has a financial or ownership interest or which employed him or from which he received income.

i.      All documents relating to or reflecting any checking, savings, money market or other cash account or certificate of deposit or similar account in his name or in the name of any other person or business against which he is authorized to draw checks or make withdrawals, including all statements of any bank or savings institutions for such checking, savings, money market or cash accounts from January 1, 2010 to the present.

j.      All documents reflecting cash owned by him or in his control or possession or to which he has a right or interest.

k.      All documents relating to, or reflecting, any automobiles, recreational vehicles, precious metals, jewelry or other tangible personal property which he owns or in which he has a right or interest, including, but not limited to, personal property tax bills and receipts and insurance inventories.

l.      All documents reflecting or relating to any trusts, existing at any time since January 1, 2010, under which he is a beneficiary.

m.      All documents reflecting or relating to any trusts, existing at any time since January 1, 2010, created by him.

n.      All documents relating to or reflecting any and all annuities, pensions, retirement accounts, 401k accounts or any other pension or retirement-

related funds or accounts of his, including the most current value of all such accounts or funds.

o.      All documents reflecting or relating to any life insurance, including retirement or endowment policies, which name him as the principal insured or a beneficiary, including but not limited to all documents reflecting the current cash or surrender value of any such policies.

p.      In addition to the above documents, any and all documents relating to or reflecting his net worth.

10.      All documents reflecting or relating to any claims or complaints made by anyone against the City of St. Louis, the St. Louis Board, or the St. Louis Metropolitan Police Department with respect to or arising out of law enforcement activities or operations at any time from January 1, 1982 to December 31, 2012.

11.      All documents relating to any claims or complaints made against defendant Joseph Crow with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

12.      All documents relating to any claims or complaints made against defendant Terry James with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

13.      All documents relating to any claims or complaints made against defendant Mark Burford with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

14.     All documents relating to any claims or complaints made against defendant Herbert Riley with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

15.     All documents relating to any claims or complaints made against defendant Gerald Hart with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

16.     All documents relating to any claims or complaints made against defendant William J. Wilson with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

17.     All documents relating to any claims or complaints made against defendant Thomas P. Rowane with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

18.     All documents relating to any claims or complaints made against defendant Aloy LaGates with respect to any alleged violations of 42 U.S.C. § 1983, or similar federal or state civil rights statutes, or the United States or Missouri Constitutions, or alleged false arrest or malicious prosecution or other tortious or wrongful conduct.

19.     All documents relating to or evidencing the investigation of the rape and murder of

Mary Bell on February 4, 1982, in St. Louis, Missouri, the prosecution and trials of George Allen for

the murder and rape of Mary Bell by prosecutor Dean Hoag in the Circuit Court of St. Louis City,

Missouri, and the appeal by George Allen of his conviction, including but not limited to, the

following:

      a.      Notes, correspondence, reports, memoranda, pleadings, trial exhibits, legal files, legal briefs, investigative reports, police reports, statements, e-mails, computer disks, computer files, computer printouts, facsimiles, tests, investigation files, criminal histories, documents from the St. Louis Sheriff's Office, documents and reports from the St. Louis Circuit Attorney's Office, documents and reports from the Missouri State Highway Patrol.

      b.      The complete investigative file, reproduced in its original form with cover and index sheets;

      c.      Any documents or audio or video recordings relating to any witness identification procedures, including without limitation photographic arrays, individual suspect photographs, photographs or video recordings of live lineups, witness statements, notes, line-up cards or reports. The lineup photographs or recordings should identify the fillers by name and, if law enforcement employee, by shield number;

      d.      Any photographs of George Allen taken by and/or in the possession of the SLMPD;

      e.      Any documents or audio or video recordings relating to discussions, interrogations, or interviews with, or statements taken from, any witnesses, potential witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

      f.      Evidence logs, evidence vouchers, and chain of custody documents;

      g.      Memo books and/or notebooks from all investigating officers, identified by officer name and shield number;

      h.      Any documents received from or provided to the SLMPD Crime Lab or the Office of the Chief Medical Examiner, including without limitation any documents concerning forensic or scientific testing.

20.     Any and all tangible evidence collected during and/or pertaining to the investigation

of the February 4, 1982 murder of Ms. Bell or pertaining to the investigation, arrest, and/or

prosecution of George Allen as a suspect in that crime, including but not limited to, the following:

      a.      Sheets;

b.        Towels;
c.        Ms. Bell's robe;
d.        knife;
e.        Nightgown;
f.        Rape kit;
g.        Any biological reference samples;
h.        Crime scene photographs;
i.        Fingerprint cards; and
j.        Fingerprint lifts.

21.     For each and every item under any Request for Production 27 that cannot be produced because you claim it is lost or destroyed, produce all documentary evidence supporting the claim this evidence is lost or destroyed.

22.     All personnel files for all St. Louis Metropolitan Police Department personnel involved in investigating, or involved in supervising the investigation, into the rape and murder of Mary Bell, including but not limited to the personnel files of Pamela LaRose, Joseph Crow, Terry James, Mark Burford, Herbert Riley, Gerald Hart, William J. Wilson, Thomas P. Rowane, and Aloy LaGates.

23.     The complete personnel files for Pamela LaRose, Joseph Crow, Terry James, Mark Burford, Herbert Riley, Gerald Hart, William J. Wilson, Thomas P. Rowane, and Aloy LaGates, including <u>but not limited to</u> the following categories:

a.        Complete SLMPD and/or St. Louis Board personnel file;
b.        Complete application for employment with the SLMPD;
c.        Complete Central Personnel Index;
d.        All records and communications concerning promotions or changes of assignment, including but not limited to applications for promotions, the results of any promotion-related examinations, and records or communications relating to precinct assignments or transfers;
e.        Complete training records from the time each defendant entered the Police Academy until retirement, including but not limited to all syllabi, course descriptions, records of attendance in any in-house or outside training courses, and training-related evaluations and testing results;

f.	Complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired;

g.	All documents relating to background investigations conducted at any time prior to hiring and through each defendant's retirement;

h.	All documents relating to performance evaluations;

i.	All documents relating to salary, payment, and expense records and reports;

j.	All documents relating to civilian complaints concerning each defendant;

k.	All documents relating to any SLMPD or St. Louis Board internal allegations, complaints, or investigations of police misconduct or criminal activity by each defendant, whether or not created in connection with a full investigation, and regardless of the disposition of the allegations or complaints;

l.	All documents relating to any allegations, complaints, or investigations concerning, in any way, each defendant, initiated or conducted by any agency or entity, including but not limited to the SLMPD, St. Louis Board, FBI, ATF, DEA, any circuit attorney's office or United States Attorney's Office, or any inter-agency task force;

m.	Any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning police misconduct or criminal conduct by each defendant;

n.	Any and all documents created by or in the possession of, at any time, each Defendant's precinct-, division-, district-, or patrol-level supervisor(s) regarding any allegation(s) of police misconduct of any kind, and/or any action taken in response to such allegation(s);

o.	Any and all documents created by or in the possession of, at any time, an SLMPD or St. Louis Board "early intervention" unit or division, or any individual or group of supervisors charged with identifying and/or monitoring SLMPD officers with repeated misconduct allegations;

p.	Any and all documents concerning firearms discharge complaints, reports, or investigations;

q.	All requests for leave of absence, disability, or early retirement;

r.	All requests for authorization to engage in employment outside of the SLMPD;

s.	Any and all documents relating to awards, decorations, or positive citations bestowed by the SLMPD, St. Louis Board, or the City of St. Louis on any of the defendants or requested by any of the defendants for any positive acts or qualities, including but not limited to applications for such awards, decorations, or positive citations prepared by the defendants;

t.	Any files or documents concerning any of the defendants in any way maintained by any other agency or department of the SLMPD, St. Louis Board, or the City of St. Louis, including but not limited to any St. Louis Circuit Attorney's Office and any inter-agency task force.

24.     All training materials that were available to Joseph Crow, Terry James, Mark Burford, Herbert Riley, Gerald Hart, William J. Wilson, Thomas P. Rowane, or Aloy LaGates at the time of the torts alleged in Plaintiffs' Complaint, including but not limited to materials regarding the interrogation of witnesses and suspects, the use of hypnosis, the handling of physical evidence, and the protocols for crime lab testing.

25.     All St. Louis Metropolitan Police Department organizational charts or department directors from the period 1980 to 1985.

26.     To the extent not otherwise requested above, produce any and all documents provided to or received from the St. Louis Circuit Attorney's Office and/or defense counsel in connection with the February 4, 1982, murder of Ms. Bell or pertaining to the investigation, arrest and/or prosecution of George Allen as a suspect in that murder, at any time.

27.     To the extent not otherwise requested above, produce any and all documents reflecting investigations undertaken by the SLMPD, the St. Louis Board, the City of St. Louis, or any other agency or entity concerning, in any way, allegations of misconduct against any current or former employee of the SLMPD stemming from the investigation of the February 4, 1982, murder of Ms. Bell or pertaining to the investigation, arrest and/or prosecution of George Allen for that murder.

28.     To the extent not otherwise requested above, produce any and all documents concerning any reinvestigation or inquiry, whether formal or informal, of the February 4, 1982, murder of Ms. Bell, or of any allegations of misconduct, by any individual, including but not limited

to employees, agents, or representatives of the SLMPD, the SLMPD Crime Lab, or any other agency or entity, in connection with the investigation of the murder of Ms. Bell, and/or the investigation, arrest, and/or prosecution of George Allen for that crime.

29.     Any and all documents pertaining to any other investigation, arrest and/or prosecution of George Allen.

30.     To the extent not otherwise requested above, produce any and all documents pertaining to George Allen.

31.     Any and all documents, including without limitation notes, comments, communications and reports, reflecting any forensic or scientific testing or analysis conducted at any time on any physical evidence related to the investigation of the murder of Ms. Bell and the prosecution of George Allen for that crime, including without limitation serology, DNA, and testing for the presence of spermatozoa or semen.

32.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1982, to the present, pertaining to the collection and maintenance of biological evidence which is screened for the presence of acid phosphatase, P-30 and/or the presence of spermatozoa, and/or subjected to ABO-testing, including without limitation Vitullo sexual assault kits.

33.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1982, to the present, pertaining to conducting scientific testing and analysis to screen biological evidence for the presence of acid phosphatase, P-30 and/or the presence of spermatozoa, including without limitation Vitullo sexual assault kits.

34.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1982, to the present, pertaining to conducting scientific testing and analysis to determine the ABO-type of biological evidence, including without limitation Vitullo sexual assault kits.

35.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1978, to the present, pertaining to the collection and maintenance of biological evidence which is screened for the presence of acid phosphatase, P-30 and/or the presence of spermatozoa, and/or subjected to ABO-testing, including without limitation Vitullo sexual assault kits.

36.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1978, to the present, pertaining to conducting scientific testing and analysis to screen

biological evidence for the presence of acid phosphatase, P-30 and/or the presence of spermatozoa, including without limitation Vitullo sexual assault kits.

37.     Any and all documents reflecting City of St. Louis, St. Louis Board, SLMPD, SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, that were in existence from January 1, 1978, to the present, pertaining to conducting scientific testing and analysis to determine the ABO-type of biological evidence, including without limitation Vitullo sexual assault kits.

38.     Any and all documents concerning all instances, from 1975 until 1985, in which the SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner conducted screening tests for the presence of spermatozoa or semen on vaginal or rectal swabs from a Vitullo sexual assault kit, said screening tests produced positive results, but nevertheless there was a determination that ABO testing would not be conducted on the same evidence.

39.     Any and all documents concerning all instances, from 1975 until 1985, in which the SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner conducted screening tests for the presence of spermatozoa or semen on vaginal or rectal swabs from a Vitullo sexual assault kit, said screening tests produced positive results, and then an examiner conducted ABO testing on the same evidence but was unable to get an ABO result.

40.     Any and all documents concerning all instances, from 1975 until 1985, in which the SLMPD Crime Lab and/or St. Louis Office of the Medical Examiner conducted screening tests for the presence of spermatozoa or semen on vaginal or rectal swabs from a Vitullo sexual assault kit,

said screening tests produced positive results, and subsequently an examiner conducted ABO testing on the same evidence and successfully obtained an ABO result.

41.    Any and all communications, whether internal or external, from 1973 until the present, concerning the manner in which the SLMPD Crime Lab and/or the St. Louis Office of the Medical Examiner conducted screening tests for the presence of spermatozoa or semen on vaginal swabs from a Vitullo sexual assault kit or whether this manner of testing compromised the ability to conduct successful ABO testing on the same evidence.

42.    Any and all documents reflecting SLMPD, St. Louis Board, or the City of St. Louis's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from January 1, 1982, to the present, pertaining to the collection, storage, organization, cataloging, transferring, chain of custody, retention and/or destruction of all physical evidence collected as part of a sexual assault investigation, including but not limited to Vitullo sexual assault kits, bedding, and/or clothing worn by the victim.

43.    Any and all documents reflecting SLMPD, St. Louis Board, or the City of St. Louis's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from January 1, 1982, to the present, pertaining to the collection, storage, organization, cataloging, transferring, chain of custody, retention and/or destruction of all investigative documents created during a sexual assault investigation and prosecution, including but not limited to police reports, laboratory reports, waiver forms, line-up cards, photo arrays, fingerprint cards.

44.     Any and all standard or form documents used by the SLMPD, St. Louis Board, or the City of St. Louis, from January 1, 1982 to the present, to record the collection, storage, organization, cataloging, transferring, chain of custody, retention and/or destruction of any physical evidence collected as part of a sexual assault investigation, including but not limited to Vitullo sexual assault kits, bedding, and/or clothing worn by the victim.

45.     Any and all documents, including without limitation communications, logs, e-mails, letters, notes, reports, and chain of custody forms, in response to and/or relating to a complaint that physical evidence collected as part of a felony investigation, and within the custody or control of the SLMPD, St. Louis Board, or the City of St. Louis or any of their constituent agencies, including without limitation the St. Louis Circuit Attorney's Office, the SLMPD Crime Lab, and the St. Louis Office of the Medical Examiner, has been lost and is thus unavailable to a criminal defendant, from 1978 until the present.

46.     Any and all documents, including without limitation communications, logs, e-mails, letters, notes, reports, and chain of custody forms, in response to and/or relating to a complaint that physical evidence collected as part of a felony investigation, and within the custody or control of the SLMPD, St. Louis Board, or the City of St. Louis or any of their constituent agencies, including without limitation the St. Louis Circuit Attorney's Office, the SLMPD Crime Lab, and the St. Louis Office of the Medical Examiner, has been destroyed contrary to stated procedure, from 1978 until the present.

47.     Any and all documents reflecting SLMPD or St. Louis Board policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, and including,

without limitation, patrol guide orders, interim orders, Chief of Department Memos, and Operations

Manuals, in effect from January 1, 1981 until December 31, 1985, concerning the following:

a. Conducting felony investigations including, without limitation, sexual assault investigations;
b. Documenting investigations and records-keeping;
c. Documenting and disclosing exculpatory and impeachment evidence;
d. Conducting and documenting eyewitness identification procedures, including, without limitation, photo arrays, line-ups and Catch Unit procedures;
e. Fabricating evidence;
f. Conducting witness or victim interviews.

48. All documents which can substantiate your answer to any of Plaintiffs' First Requests for Admissions if your answer is anything other than a qualified admission.

BRYAN CAVE LLP

By: /s/ Timothy G. O'Connell
Charles A. Weiss, MO #20299
Ameer Gado, MO #53363
Timothy G. O'Connell, MO #61839
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
(314) 259-2020 [FAX]
caweiss@bryancave.com
aagado@bryancave.com
tim.oconnell@bryancave.com

Barry Scheck, *pro hac vice*
Nick Brustin, *pro hac vice*
Anna Benvenutti Hoffmann, *pro hac vice*
Farhang Heydari, *pro hac vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
(212) 965-9081

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, the foregoing was served via e-mail on the following counsel of record.

**Thomas Adrian McCarthy**
ST. LOUIS CITY COUNSELOR
1200 Market Street
314 City Hall
St. Louis, MO 63103
314-622-3361
Fax: 314-622-4956
Email: mccarthyt@stlouis-mo.gov
*Attorney for the City of St. Louis*

**Robert J. Isaacson**
ATTORNEY GENERAL OF MISSOURI
Old Post Office Building
P.O. Box 861
St. Louis, MO 63188
314-340-7861
Fax: 314-340-7029
Email: robert.isaacson@ago.mo.gov
*Attorney for: Richard Gray, Bettye Battle-Turner, Thomas Irwin, Erwin Switzer, Mayor Francis Slay, D. Samuel Dotson, Joseph Crow, Terry James, Mark Burford, and William J. Wilson.*

/s/ Timothy G. O'Connell