Exhibit B-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE ALLEN JR., | ) |
| | ) |
| and | ) |
| | ) |
| LONZETTA TAYLOR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:14-cv-01398 RWS |
| v. | ) |
| | ) |
| THE CITY OF ST. LOUIS, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |

## DEFENDANTS GRAY, TURNER, IRWIN, SWITZER, & SLAY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANTS GRAY, TURNER, IRWIN, SWITZER, & SLAY

Defendants Gray, Turner, Irwin, Switzer, & Slay, by and through their undersigned counsel, and for their Objections and Responses to Plaintiffs' First Request for Admissions to Defendants Gray, Turner, Irwin, Switzer, & Slay, state as follows:

### DEFINITIONS

A. "Documents" shall mean all documents and things within the meaning and scope of Rule 34(a)(1), Fed. R. Civ. P, including but not limited to, any electronically stored documents and/or data and electronic communications (such as e-mail) stored in computers or otherwise, whether or not ever printed or displayed. A copy or a duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, any preliminary version, draft, or revision of the forgoing and any electronic variations of the foregoing shall be considered a separate document within the meaning of this term.

1

B.  "City of St. Louis" refers to that political subdivision of the State of Missouri and any office, agency, or other component of the City of St. Louis, including, but not limited to the St. Louis Circuit Attorney's Office, the Metropolitan Police Department of St. Louis, and the Office of the St. Louis Sheriff.

C.  "St. Louis Board" refers to the St. Louis City Board of Police Commissioners and that political subdivision of the State of Missouri and any office, agent, agency, or other component of the St. Louis Board.

D.  "St. Louis Metropolitan Police Department" or "SLMPD" refers to that entity and any office, agent, agency, or other component of the St. Louis Metropolitan Police Department.

E.  "State Legal Expense Fund" refers to that entity and any office, agent, agency, or other component of the State Legal Expense Fund, including but not limited to any person charged with administering any aspect of the State Legal Expense Fund.

F.  "Named Defendants" refers to all defendants named in Plaintiffs' Complaint, as well as the St. Louis Metropolitan Police Department, the St. Louis Board, and the State Legal Expense Fund.

G.  "Related or relating to" means pertaining to, concerning, regarding, reflecting, discussing, referring to, mentioning, comprising or directly or indirectly related to.

H.  "Ownership, right, title or interest" includes any full or partial ownership interest or ownership interest held jointly or in common and any interest as a trustee or beneficiary of a revocable or irrevocable trust or other instrument.

2

## **REQUESTS TO ADMIT**

1. Admit that George Allen's conviction was overturned by Judge Daniel Green of the Cole County Circuit Court.

   **RESPONSE:** Admit.

2. Admit that the handwritten notes of Joseph Crow, described in Paragraph 52 of Plaintiffs' Complaint, were not produced to counsel for George Allen before he was convicted of murdering Mary Bell.

   **RESPONSE:** Admit.

3. Admit that the handwritten notes of Joseph Crow, described in Paragraph 52 of Plaintiffs' Complaint, were not produced to counsel for George Allen until more than 25 years after George Allen was convicted.

   **RESPONSE:** Admit.

4. Admit that the handwritten notes of Joseph Crow, described in Paragraph 52 of Plaintiffs' Complaint, should have been produced to counsel for George Allen before George Allen was convicted.

   **RESPONSE:** Admit.

5. Admit that the Scaggs Memo, described in Paragraphs 56-58 of Plaintiffs' Complaint, was not produced to counsel for George Allen before he was convicted of murdering Mary Bell.

   **RESPONSE:** Admit.

6. Admit that the Scaggs Memo, described in Paragraphs 56-58 of Plaintiffs' Complaint, was not produced to counsel for George Allen until more than 25 years after George Allen was convicted.

**RESPONSE:** Admit.

7. Admit that the Scaggs Memo, described in Paragraphs 56-58 of Plaintiffs' Complaint, should have been produced to counsel for George Allen before George Allen was convicted.

**RESPONSE:** Admit.

8. Admit that the torts alleged by Plaintiffs are covered by the State Legal Expense Fund.

**OBJECTION:** Defendants object to Request 8 as it calls for a legal conclusion and requests admissions of law unrelated to the facts of the case.

9. Admit that the legal defense of some Named Defendants is being covered by the State Legal Expense Fund.

**OBJECTION:** Defendants object to Request 9 as it calls for a legal conclusion and requests admissions of law unrelated to the facts of the case.

10. Admit that semen was found at the scene of the murder of Mary Bell.

**RESPONSE:** Admit.

11. Admit that the semen found at the scene of Mary Bell's murder came from individuals with two different blood types: type B and type AB.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 11.

12. Admit that Mary Bell's boyfriend, Russell Watters, does not have type B or AB blood.

**RESPONSE:** Admit.

13. Admit that Mary Bell's husband, John Bell, does not have type B or AB blood.

**RESPONSE:** Admit.

14. Admit that George Allen does not have type B or AB blood.

**RESPONSE:** Admit.

15. Admit that an internal SLMPD memorandum dated February 26, 1982, about the investigation into Ms. Bell's murder, stated that the suspect may have type B or AB blood.

**RESPONSE:** Admit.

16. Admit that, in 1996 or 1997, officials or agents of the City of St. Louis, the St. Louis Board, or the SLMPD wrongly told Mr. Allen, or representatives of the Innocence Project, that there was no biological evidence from the crime scene available for DNA testing.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 16.

17. Admit that in 2003 Mr. Allen sought DNA testing on the biological evidence in his case and the St. Louis Circuit Attorney consented to DNA testing.

**RESPONSE:** Admit.

18. Admit that DNA testing was conducted in 2003 and 2004.

**RESPONSE:** Admit that testing was done in 2003. Defendants do not admit or deny whether work was done in 2004. Defendants have made reasonable inquiry and the

information known or reasonably obtainable is insufficient to enable Defendants to admit or deny whether DNA testing was done in 2004.

19. Admit that the DNA testing solely identified sperm from Mr. Watters on Ms. Bell's robe.

**RESPONSE:** Admit.

20. Admit that the DNA testing conducted in 2003 and 2004 confirmed that Mr. Allen was not the source of any of the semen found at the scene of the crime.

**RESPONSE:** Admit in all regards except as to time of testing. See response to Request 18.

21. Admit that the DNA testing conducted in 2003 and 2004 confirmed that Mr. Allen was not the source of any of the semen that was attributed to Mr. Allen at his trial.

**RESPONSE:** Admit in all regards except as to time of testing. See response to Request 18.

22. Admit that there is no biological evidence connecting Mr. Allen to the crimes committed against Ms. Bell on February 4, 1982.

**RESPONSE:** Admit.

23. Admit that there is no physical evidence connecting Mr. Allen to the crimes committed against Ms. Bell on February 4, 1982.

**RESPONSE:** Admit.

24. Admit that George Allen did not break into Ms. Bell's apartment.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 24.

25. Admit that George Allen did not rape or sodomize Ms. Bell.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 25.

26. Admit that George Allen was not present during the rape of Ms. Bell on February 4, 1982.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 26.

27. Admit that George Allen is actually innocent of the rape and murder of Ms. Bell.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 27.

28. Admit that George Allen spent more than 30 years in jail and prison for crimes he did not commit.

**RESPONSE:** Defendants do not admit or deny as Defendants have made reasonable inquiry and the information known or reasonably obtainable is insufficient to enable Defendants to admit or deny the assertions in paragraph 28.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

Robert J. Isaacson, #38361MO
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Defendants Gray, Battle-Turner, Irwin, Switzer, Slay, Dotson, Crow, James, Burford, Wilson, and Rowane*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2015, the foregoing was sent via first class mail, postage prepaid to:

Charles A. Weiss
Ameer Gado
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
*Attorneys for Plaintiffs*

Anna Benvenutti Hoffman
Farhang Heydari
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
*Attorneys for Plaintiffs*

Thomas Adrian McCarthy
ST. LOUIS CITY COUNSELOR
1200 Market Street
314 City Hall
St. Louis, MO 63103
314-622-3361
Fax: 314-622-4956
Email: mccarthyt@stlouis-mo.gov
*Attorney for the City of St. Louis*

_____
Assistant Attorney General