
Exhibit F

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

STATE OF MISSOURI, *ex rel.*     )
Attorney General Chris Koster,     )
          )
         Plaintiff/Relator,     )
          )
          v.     )      Case No.
          )
CITY OF ST. LOUIS;     )
          )
GEORGE ALLEN, Jr.;     )
          )
LONZETTA TAYLOR;     )
          )
RICHARD GRAY,     )
BETTYE BATTLE-TURNER,     )
THOMAS IRWIN,     )
ERWIN O. SWITZER,     )
in their official capacities     )
as members of the St. Louis     )
Board of Police Commissioners,     )
and MAYOR FRANCIS G. SLAY,     )
in his official capacity as an     )
ex-officio member of the St. Louis     )
Board of Police Commissioners;     )
          )
D. SAMUEL DOTSON, III,     )
in his official capacity as     )
Chief of Police of the St. Louis     )
Metropolitan Police Department;     )
          )
JOSEPH CROW,     )
TERRY JAMES,     )
MARK BURFORD,     )
WILLIAM J. WILSON,     )
and ESTATE OF THOMAS     )
ROWANE, in their official and     )
individual capacities,     )
          )

Defendants.          )

## PETITION FOR DECLARATORY RELIEF

1.      This is a declaratory judgment action brought pursuant to Section 527.010, RSMo. *et seq.*, seeking a declaration adjudicating the rights and obligations of the parties with regard to the State Legal Expense Fund ("LEF"). §§ 105.711–105.726, RSMo. The LEF is funded by appropriations from the Missouri General Assembly and is used to pay judgments against the State of Missouri, its agencies, and certain other state-affiliated entities and individuals. § 105.711, RSMo.

2.      A dispute has arisen between the parties to this lawsuit as to whether any potential judgment or settlement in a case pending in federal district court for the Eastern District of Missouri, *Allen, et al. v. City of St. Louis*, Case No. 4:14-cv-01398 (the "Allen Federal Case"), would be borne by the LEF or the City of St. Louis.

## Parties

3.      Plaintiff Chris Koster is the duly elected, qualified, and acting Attorney General for the State of Missouri.

4.      The Attorney General has the authority to bring this suit in order to protect the interests and rights of the State. § 27.060, RSMo. Further, the Attorney General must approve all payments from the LEF. § 105.711,

2

RSMo.

5.      Defendant City of St. Louis (the "City") is a municipal corporation located within the State of Missouri. The City employs St. Louis City police officers. The City is the successor in interest to the St. Louis Board of Police Commissioners. § 84.344, RSMo. The City is a named defendant in the Allen Federal Case.

6.      Defendant George Allen, Jr. is a resident of Missouri, and upon information and belief, resides in University City, Missouri. Allen is a plaintiff in the Allen Federal Case. Because Allen is a plaintiff in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

7.      Defendant Lonzetta Taylor is a resident of Missouri, and upon information and belief, resides in University City, Missouri. Taylor is Allen's mother and is also a plaintiff in the Allen Federal Case. Because Taylor is a plaintiff in the Allen Federal Case, she is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

8.      Defendants Richard Gray, Bettye Battle-Turner, Thomas Irwin, and Erwin O. Switzer are former members of the St. Louis Board of Police

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

Commissioners and were named in the Allen Federal Case as defendants in their official capacities as members of the Board of Police Commissioners. Because they are defendants in the Allen Federal Case, they are named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

9.     Defendant Mayor Francis G. Slay is mayor of the City of St. Louis and was named as a defendant in the Allen Federal Case in his capacity as an ex-officio member of the St. Louis Board of Police Commissioners. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

10.     Defendant Samuel Dotson, III is the Chief of Police of the St. Louis Metropolitan Police Department ("SLMPD") and was named in the Allen Federal Case in his official capacity as the Chief of Police of the SLMPD. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

11.     Defendant Joseph Crow, upon information and belief, is a

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

resident of the State of Missouri. He is a defendant in the Allen Federal Case and in Allen's complaint is alleged to have been a Criminalist in the SLMPD's Crime Laboratory during the criminal investigation into Allen. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

12.     Defendant Terry James, upon information and belief, is a resident of the State of Missouri. He is a defendant in the Allen Federal Case and in Allen's complaint is alleged to have been an Officer with the SLMPD during the criminal investigation into Allen. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

13.     Defendant Mark Burford, upon information and belief, is a resident of the State of Missouri. He is a defendant in the Allen Federal Case and in Allen's complaint is alleged to have been an Officer with the SLMPD during the criminal investigation into Allen. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made

parties who have or claim any interest which would be affected by the declaration."

14.     Defendant William J. Wilson, upon information and belief, is a resident of the State of Missouri. He is a defendant in the Allen Federal Case and in Allen's complaint is alleged to have been a Lieutenant with the SLMPD during the criminal investigation into Allen. Because he is a defendant in the Allen Federal Case, he is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

15.     Thomas Rowane was named as a defendant in the Allen Federal Case and in Allen's complaint is alleged to have been a Section Supervisor with the SLMPD Homicide Division during the criminal investigation into Allen. Rowane passed away after the filing of the Allen Federal Case, and his estate was substituted as a defendant. Because the Estate of Thomas Rowane is a defendant in the Allen Federal Case, it is named in this lawsuit pursuant to RSMo. § 527.110 and Mo. Sup. Ct. R. 87.04, which require that "all persons shall be made parties who have or claim any interest which would be affected by the declaration."

## Jurisdiction and Venue

16.     Jurisdiction is proper in this Court as the parties are located in

6

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

Missouri, and the case involves the interpretation of Missouri state law.

17.    Venue is proper pursuant to § 508.060, which provides that actions against any county shall be commenced in the circuit court of such county. § 508.060, RSMo. The City of St. Louis is a county for venue purposes under the statute. *See State ex. rel City of St. Louis v. Kinder*, 698 S.W.2d 4 (Mo. 1985).

**Factual Allegations**

18.    On August 12, 2014, George Allen filed a complaint in the United States District Court for the Eastern District of Missouri, Case No. 4:14-cv-01398, claiming violations of his constitutional rights stemming from his 1983 conviction and subsequent imprisonment for the rape and murder of a woman named Mary Bell.

19.    Allen's conviction was eventually overturned.

20.    In his federal complaint, Allen claims that the defendant employees of the SLMPD investigating Bell's murder allegedly fabricated evidence, illegally withheld exculpatory evidence that demonstrated Allen's innocence, and coerced a false confession from him, all of which Allen claims led to his conviction.

21.    Allen's federal complaint names as defendants:  the City of St. Louis; Richard Gray, Bettye Battle-Turner, Thomas Irwin, and Erwin O. Switzer, in their official capacities as members of the St. Louis City Board of

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

Police Commissioners; Mayor Francis Slay in his official capacity as an ex-officio member of the St. Louis City Board of Police Commissioners; Samuel Dotson in his official capacity as Chief of Police of the St. Louis Metropolitan Police Department ("SLMPD"); and several employees of the SLMPD, Joseph Crow, Terry James, Mark Burford, Herbert Riley, Gerald Hart, William J. Wilson, Thomas P. Rowane, and Aloy LaGates, in their official and individual capacities.

22.     Defendants Herbert Riley, Gerald Hart and Aloy LaGates were deceased at the time the Allen Federal Case was filed. They were named in the federal complaint, but being deceased, they cannot and have not appeared, thus, they are not actual parties to the Allen Federal Case. Because they are deceased and not parties to the Allen Federal Case, they are not named herein.

23.     Defendants Richard Gray, Bettye Battle-Turner, Thomas Irwin, Erwin O. Switzer, Francis Slay, Samuel Dotson, Joseph Crow, Terry James, Mark Burford, William J. Wilson, and the Estate of Thomas P. Rowane are referred to herein as the "Police Defendants."

24.     In November 2012, the Circuit Court of Cole County granted a writ of habeas corpus filed by Allen and vacated Allen's conviction.

25.     The Missouri Court of Appeals affirmed the vacatur on December 26, 2012.

26. On January 18, 2013, the St. Louis Circuit Attorney dismissed Allen's indictment. Thereafter, Allen was released from prison.

27. On August 12, 2014, Allen filed his federal court complaint.

28. After it was filed, defense of the Allen Federal Case was tendered to the Missouri Attorney General's Office for representation of the Police Defendants.

29. The Attorney General's Office is currently handling the defense of the Allen Case on behalf of the Police Defendants.

30. The City of St. Louis is separately represented by counsel for the City.

31. While the Attorney General's Office is providing legal representation to the Police Defendants, at no time did the Attorney General's Office or any other State office or official advise the Police Defendants or the City of St. Louis that the LEF would be responsible for any judgment against the Police Defendants.

32. The Allen Federal Case is set to be referred to alternative dispute resolution on August 1, 2016.

33. Trial in the Allen Federal Case is set for April 10, 2017.

34. In addition, Allen has propounded discovery to the Police Defendants asking for information regarding whether they are covered by any fund or insurance that would be responsible for paying any judgment or

settlement in the Allen Federal Case.

35.     The State contends that the City of St. Louis is responsible for any judgment or settlement in the Allen Federal Case, including any portion borne by the Police Defendants.

36.     Upon information and belief, it is the City of St. Louis' position that the LEF is responsible for any judgment or settlement in the Allen Federal Case on behalf of the Police Defendants.

37.     Because there is a dispute between the State and the City of St. Louis regarding whether the LEF or the City would be responsible for any judgment or settlement on behalf of the Police Defendants, the State seeks a declaratory judgment finally adjudicating the rights and responsibilities of the parties with regard to whether the LEF or the City of St. Louis must pay any potential judgment or settlement in the Allen Federal Case on behalf of the Police Defendants.

38.     Adjudication of this matter will provide certainty for the Police Defendants, the City, and the Attorney General's Office (which currently represents the Police Defendants) as to who will pay any judgment or settlement. The determination will lessen any potential conflict between the Attorney General's Office, the City, and the Police Defendants regarding the defense of the Allen Federal Case and may facilitate mediation and settlement in the Allen Federal Case.

39.     There is no other dispute pending in state court involving these parties and these facts, and Plaintiff has no adequate remedy at law.

## Count I – Declaratory Judgment

40.     The State incorporates herein the allegations of paragraphs 1-39.

41.     Effective August 28, 2005, the State Legislature amended the Missouri statute involving the LEF, § 105.726, RSMo., to state as follows:

> Moneys in the state legal expense fund shall not be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against a board of police commissioners established under chapter 84, including the commissioners, any police officer . . . other employees, agents, representative[s], or any other individual or entity acting or purporting to act on its or their behalf. Such was the intent of the general assembly in the original enactment of sections 105.711 to 105.726, and it is made express by this section in light of the decision in *Wayman Smith, III et al. v. State of Missouri, 152 S.W.3d 275.*

§ 105.726.3, RSMo.

42.     Section 105.726.3 further provides:

> Except that the commissioner of administration shall reimburse from the legal expense fund the board of police commissioners established under section 84.350, and any successor-in-interest established pursuant to section 84.344, for liability claims otherwise eligible for payment under section 105.711 paid by such board up to a maximum of one million dollars per fiscal year.[1]

*Id.*

43.     Per the statute's plain language, after August 28, 2005, claims against St. Louis police board commissioners and St. Louis police officers and employees cannot be paid out of the LEF.

44.     Allen's conviction was not vacated until 2012, and he did not file his Complaint until August 12, 2014. Both events occurred long after the statute was amended on August 28, 2005.

45.     As any "claim" of Allen's arose after the statute was amended on August 28, 2005, any potential judgment or settlement against the Police Defendants in the Allen Federal Case cannot be paid from the LEF.

---

[1]     This last sentence of § 105.726.3, RSMo. was amended in 2012. In 2005, as enacted, the last sentence of § 105.726.3, RSMo. read as follows: "Except that the commissioner of administration shall reimburse from the legal expense fund any board of police commissioners established under chapter 84, RSMo, for liability claims otherwise eligible for payment under section 105.711 paid by such boards on an equal share basis per claim up to a maximum of one million dollars per fiscal year."

46.     In addition, § 105.726.5, RSMo. provides:

> Claims tendered to the attorney general promptly after the claim was asserted as required by Section 105.716 **and prior to August 28, 2005,** may be investigated, defended, negotiated, or compromised by the attorney general and full payments may be made from the state legal expense fund on behalf of the entities and individuals described in this section as a result of the holding in *Wayman Smith III, et. al. v. State of Missouri,* 152 S.W.3d 275.

§ 105.726.5, RSMo. (emphasis added).

46.     Per the statute, in order to be covered by the LEF, claims must have been tendered to the Attorney General "***prior to August 28, 2005.***"

47.     As the Allen case was not filed until August 2014, and tendered to the Attorney General thereafter, it was not tendered prior to August 28, 2005 as is required in order to be covered by the LEF.

48.     Accordingly, under § 105.726.5, RSMo. as well, any judgment or settlement in the Allen Federal Case cannot be paid from the LEF.

WHEREAS, The State of Missouri seeks a declaratory judgment declaring:

(a) That any judgment against, or settlement on behalf of, the Police Defendants in Case No. 4:12-cv-01398-RWS in the United States District Court of the Eastern District of Missouri, cannot be paid from the State Legal Expense Fund; and

(b) Any other rights or obligations of the parties necessary to resolve the dispute at issue and/or any other relief that the Court deems just and proper.

Electronically Filed - City of St. Louis - April 15, 2016 - 11:32 AM

Dated:  April 15, 2016          Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Henry F. Luepke*
HENRY F. LUEPKE
Assistant Attorney General
Mo. Bar No. 38782
P.O. Box 861
St. Louis, MO 63188
Phone: 314-340-7652
Bud.Luepke@ago.mo.gov