UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE ALLEN Jr. and LONZETTA TAYLOR

    Plaintiffs,

v.

THE CITY OF ST. LOUIS, MISSOURI, *et al.,*

    Defendants.

Case No. 4:14CV01398RWS

## THE STATE OF MISSOURI'S RESPONSE TO MOTION TO DISQUALIFY[1]

### Argument

Plaintiffs on May 20, 2016 filed a "Motion to Disqualify Counsel", arguing that the Missouri Attorney General's Office has a "conflict of interest" with the Defendant Police Officers to whom it has been providing a defense in this case. As demonstrated below, the Court should deny the Motion because no conflict of interest has arisen in this case, nor does it appear that any such conflict will ever arise.

---

[1] Although not a party to this case, the State of Missouri files this Response in order to confirm for the Court that its Attorney General's Office has no conflict of interest in providing a defense to the Police Officers that Plaintiffs have named as defendants in this case.

1. <u>There is no conflict of interest.</u>

Plaintiffs' Motion should be denied because there is no conflict of interest. Neither the State of Missouri nor the Missouri Attorney General's Office has any interest that is in any way adverse or contrary to the goal of obtaining a defense verdict in this case. The relevant evidence instead shows that the interests of the Defendant Officers and those of the State of Missouri and the Missouri Attorney General's Office are aligned. The State of Missouri and the Defendant Officers both want a defense verdict in this case, and nothing that Plaintiffs have argued or submitted suggests otherwise. There is no conflict of interest.

Plaintiffs' Motion, rather, is based on the alleged *potential* that a conflict might later arise in the event that a judgment is entered herein against the Defendant Police Officers. As demonstrated below, such a potential conflict of interest does not exist. Even if, however, there were a possibility that a conflict of interest might later arise, that possibility would not warrant the disqualification of counsel that Plaintiffs seek. *See e.g.* Lieberman v. City of Rochester, 681 F. Supp. 2d 418, 425 (W.D.N.Y. 2010) ("a potential conflict is insufficient to warrant disqualification; rather, the employee must show that an actual conflict exists").

2. <u>The Motion to Disqualify is based upon false assumptions.</u>

In support of their Motion, Plaintiffs rely upon the deposition testimony of two of the Defendant police officers, Officers Terry James and Mark Burford. Plaintiffs argue that the deposition testimony from these Officers is in conflict with the position that the State of Missouri has taken in the Declaratory Judgment Action recently filed in the Circuit Court for the City of St. Louis.

That is not so. Neither of these Officers testified or suggested that they have any interest or understanding that is in conflict with the State's position or pleadings that have been raised or filed in the Declaratory Judgment Action.

Officer James, in his deposition, was asked about who he believed would pay "if there's a judgment entered against you". (James Depo. p. 15, Exh. A). In response to this line of questioning, Officer James said that he had no direct knowledge of who would pay such a judgment but stated that he believed any such judgment would be paid either by the City of St. Louis or by the State of Missouri. (James Depo. p. 17, Exh. A).

Officer Burford was similarly asked about who he thought would be paying any future judgment in the event that one were entered against him in this case. Officer Burford, like Officer James, testified that he assumed

3

such a judgment would be paid "either" by the City of St. Louis or by the State of Missouri. (Burford Depo. pp. 31-32, Exh. B).

None of this testimony is in conflict with the position taken by the State of Missouri in the Declaratory Judgment Action. The testimony, rather, shows that Officer James and Officer Burwell each have the understanding that either the City of St. Louis or the State of Missouri will pay any judgment that might conceivably be entered against them in this case. That understanding is consistent with the Declaratory Judgment Action that the State of Missouri has filed. A true and correct copy of the Petition filed in that Action is submitted herewith as Exhibit C.

By way of the Declaratory Judgment Action, the State of Missouri, through the Missouri Attorney General's Office, seeks a judicial determination of who as between the City of St. Louis and the State of Missouri will be responsible for the payment of any judgment that may be entered against the Defendant Police Officers in this case. The State of Missouri contends that the City of St. Louis, not the State's Legal Expense Fund, will have to pay such judgment. The City of St. Louis disagrees and has claimed that the State of Missouri, through its Legal Expense Fund, will have to pay such judgment. As stated in the Declaratory Judgment Petition:

35. The State contends that the City of St. Louis is responsible for any judgment or settlement in the *Allen* Federal Case, including any portion borne by the Police Defendants.

36. Upon information and belief, it is the City of St. Louis' position that the [State Legal Expense Fund] is responsible for any judgment or settlement in the Allen Federal Case on behalf of the Police Defendants.

37. Because there is a dispute between the State and the City of St. Louis regarding whether the [State Legal Expense Fund] or the City would be responsible for any judgment or settlement on behalf of the Police Defendants, the State seeks a declaratory judgment finally adjudicating the rights and responsibilities of the parties with regard to whether the [State Legal Expense Fund] or the City of St. Louis must pay any potential judgment or settlement in the Allen Federal Case on behalf of the Police Defendants.

(Petition for Declaratory Judgment, Exh. C).[2]

These allegations in the State's Petition for Declaratory Judgment are in accord with what Officers James and Burwell both testified was their understanding of who would be responsible for and who would pay a judgment that might be entered against them in this case, *i.e.*, "either the State Legal Expense Fund or the City of St. Louis". *Id.* Officers James and

---

[2] Plaintiffs suggest that the State seeks a declaration that any indemnification to be provided by its Legal Expense Fund is limited to $1 million. Pl.'s Motion, p. 7. That is not correct. The Declaratory Judgment Action seeks a determination of who as between the City or the State would be responsible for indemnifying the Defendant Officers for any judgment entered against them in this case. The Action seeks no determination that any such limits exist or applicable. *See* Petition, Exh. C.

5

Burwell thus agree with the position that the State of Missouri has alleged in the Declaratory Judgment Action, *i.e.* any judgment entered against them will be paid, either by the City of St. Louis or by the State Legal Expense Fund.

Consistent with their testimony and their stated understanding, these Defendant Officers will be indemnified against a judgment entered against them in this case, if not by the State of Missouri then by the City of St. Louis. Accordingly, there is no conflict of interest, nor is there any risk that a conflict of interest might later develop.[3]

3. <u>Plaintiffs should not be heard to protest against the counsel provided to the Defendant Police Officers.</u>

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *City-Cty. Taxi, Inc. v. Metro. Taxicab Comm'n*, No. 4:12-CV-408 JAR, 2013 WL 1867576, at *2 (E.D. Mo. May 3, 2013) *(citing Black v. State of Mo.*, 492 F.Supp. 848, 861 (D.C.Mo.1980) (internal quotations omitted)). The conditions required for attorney disqualification simply do not exist.

---

[3] The State's position in this regard was previously explained to Plaintiffs' counsel by way of an e-mail dated April 22, 2016, filed herewith as Exhibit D.

4. <u>The Court should be reluctant to disqualify Defendants' counsel.</u>

The Eighth Circuit has long recognized that disqualification motions such as that filed by Plaintiffs are ripe for abuse by lawyers seeking to gain a tactical advantage for their clients. As a result, courts in this Circuit take a "very dim view" of motions to disqualify an opposing counsel, and such motions are rarely to be granted. As stated by the Eighth Circuit: "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny." *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir.1996); *see also, Turner v. AIG Domestic Claims, Inc.*, 823 F.Supp.2d 899, 905 (D.Neb.2011) ("When it comes to disqualifying counsel at the pretrial stage, the Court of Appeals takes a very dim view of such a ruling").

The Eighth Circuit has accordingly ruled that disqualification of a party's counsel is "an extreme measure" that should not be imposed unless "absolutely necessary". *Macheca Transport Co. v. Philadelphia Indemnity Ins. Co.*, 463 F.3d 827, 833 (8th Cir.2006).

Plaintiffs have not acknowledged – much less satisfied – the governing legal standards established by the Eighth Circuit, and they have not cited any relevant facts or authority that would warrant the "extreme" ruling they

7

seek by way of their Motion. Plaintiffs' analysis is flawed, if not completely disingenuous.[4]

## Conclusion

For the foregoing reasons and governing authority, the State of Missouri suggests that the Motion to Disqualify should be denied.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Henry F. Luepke*
Henry F. Luepke, #38782MO
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for the State of Missouri*

---

[4] Rather than a genuine concern about the adequacy of Defendants' legal representation, counsel's true motivation in filing the Motion to Disqualify is to try to force the State of Missouri into indemnifying the Defendant Officers against any judgment that may be entered against them. In fact, prior to filing the Motion, Plaintiffs' counsel suggested that the State of Missouri should indemnify the Defendant Police Officers against any judgment entered against them in this case. *See* Exh. D Counsel's concern in this regard is unwarranted. As pled in the Declaratory Judgment Action, the Defendant Officers will be indemnified either way, if not by the State then by the City.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2016, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

*/s/ Henry F. Luepke*
Henry F. Luepke
Assistant Attorney General