UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE ALLEN, JR. and<br>LONZETTA TAYLOR,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF ST. LOUIS,<br>MISSOURI, et al.,<br><br>    Defendants. | Case No. 4:14 CV 1398 RWS |

## **MEMORANDUM AND ORDER**

Plaintiff George Allen, Jr. was convicted of murder and sentenced to a lengthy term of incarceration. Almost thirty years later his convictions were overturned and he was released from prison. Allen filed this lawsuit alleging his conviction was the result of police misconduct in the investigation and prosecution of his criminal case. The City of St. Louis, the St. Louis City Board of Police Commissioners, and present and former officers and employees of the St. Louis Metropolitan Police Department are named as defendants in this lawsuit. The Police Board and the individual Defendants are represented by counsel from the Missouri Attorney General's Office.

Plaintiffs have filed a motion to disqualify the Attorney General's Office counsel from representing these Defendants. Plaintiffs assert the Attorney

General's Office has an incurable conflict in representing both the Police Board and the individual police department employees based on potential diametrically opposed defenses. Plaintiffs also assert that the Attorney General's Office's concurrent state court litigation seeking a declaratory judgment regarding the availability of Missouri State Legal Expense Fund to satisfy any potential judgment against the Police Board and against individual St. Louis police department employees creates a conflict with the present case.

The Attorney General's Office counsel argues there is not any conflict caused by its state court litigation or by its concurrent representation of Defendants in this lawsuit.

The disqualification of an attorney is an extreme measure and should only be imposed when "absolutely necessary." Macheca Transp. Co. v. Philadelphia Indem. Co., 463 F.3d 827, 833 (8th Cir. 2006). A motion to disqualify counsel filed by opposing counsel faces strict judicial review. Harker v. Commissioner of Internal Revenue, 82 F.3d 806, 808 (8th Cir. 1996)( "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny.")(internal citation omitted). In ruling upon such a motion the court will apply the rules governing the professional conduct of attorneys adopted by the district court. Id. The United States Court for the Eastern

District of Missouri has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. Missouri Rule of Professional Conduct 1.7 states that a lawyer shall not represent a client if it involves a concurrent conflict of interest.

Plaintiffs' first ground to disqualify is based on a potential conflict that may arise between Police Board and the individual police department employees. Plaintiffs claim against the Police Board is based on a municipal liability theory. Plaintiffs allege that the Police Board's policies, customs, or practices led to the wrongful prosecution and incarceration of Allen. Plaintiffs also claim that the individual police department employees violated Allen's federal and constitutional rights in their interrogation methods and by suppressing evidence. Plaintiffs argue that counsel from the Attorney General's Office cannot represent both of these groups of Defendants because they may assert defenses which are in conflict with each other. As an example, Plaintiffs suggest that the Police Board may deny the existence of any policy or practice which led to Allen's conviction. The Police Board may allege that the individual defendants violated Allen's rights without any influence from the Police Board. Plaintiffs surmise that the individual Defendants may accuse each other of violating Allen's rights in an effort exonerate themselves.[1] Based on these imagined defenses, Plaintiffs assert that counsel from

---

[1] Plaintiffs also argue that the individual Defendants have a potential complete defense based on "Monell liability" if they can establish that they were acting under a policy, practice, or custom of the Police Board. I not aware of any

3

the Attorney General's Office is conflicted from representing all of these Defendants.

Defendants' counsel responds by denying Plaintiffs allegations of a potential conflict. Counsel asserts he does not intend to have his clients blame each other for Plaintiffs' claims. To the contrary, counsel states that Defendants deny all of Plaintiffs' allegations entirely and have no plan, wish, or desire to offer defenses which would create a conflict between the Defendants.

Defendants who all claim that they acted appropriately and who do not have any evidence or information which would undermine the same defense of fellow defendants are not adverse to one another and may share the same counsel. See Meidinger v. City of Rapid City, 2014 WL 1653127 (D. S.D. Apr. 24, 2014) Based on Defendants' counsel's representations and the information in the record I do not find that these Defendants have adverse interests or that there is any conflict between Defendants which necessitates their counsel's disqualification.

Plaintiffs second ground in their motion to disqualify Defendants' counsel is the running dispute of who, if anyone, will indemnify the individual Defendants in the event Plaintiffs prevail in this lawsuit. In depositions conducted by Plaintiffs two individual Defendants testified that it was their understanding that any

---

case in which individual police officers violated a claimant's clearly established constitutional rights escaped liability under the guise of following a police department policy.

judgment against them in this case would be covered by the State of Missouri *or* the City of St. Louis. For years the Missouri Attorney General's Office provided counsel for the St. Louis Police Board and for St. Louis Police Department employees for lawsuits filed against them. In 2012, control of the St. Louis Police Department was turned over to the City of St. Louis. Since that time an unresolved question arose of whether the State of Missouri or the City of St. Louis is responsible to defend and indemnify the Police Board and police department employees for lawsuits brought them.

Plaintiffs note that the Attorney General's Office has filed a declaratory judgment action in state court seeking a ruling that the Missouri State Legal Expense Fund cannot be used to pay any judgment or settlement in this case. Plaintiffs argue that this lawsuit makes the Attorney General's Office adverse to Defendants because the State of Missouri is attempting to avoid potential indemnification of Defendants.

Defendants' counsel responds that the lawsuit filed in state court does not make the Attorney General's Office adverse to Defendants. Counsel, as an officer of the Court, represents that the individual Defendants will be indemnified by either the State or the City of St. Louis. Because it makes no difference to the individual Defendants who indemnifies them, the Attorney General's Office state

court lawsuit does not create a conflict between Defendants and their counsel.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion to disqualify counsel [79] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2016.